UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

PATRICK MCCLENDON                                CIVIL ACTION

VERSUS                                           NUMBER: 12-0307

N. BURL CAIN, WARDEN                             SECTION: "N"(5)


                      **REPORT AND RECOMMENDATION**

    Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(A), presently before the Court is the application for federal habeas corpus relief of petitioner, Patrick McClendon, the State's response, and McClendon's reply. (Rec. docs. 3, 12, 13). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that McClendon's petition be dismissed as successive.

I.  **PROCEDURAL HISTORY**

    Petitioner McClendon is a state prisoner who is currently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On April 6, 1995, McClendon and co-defendant Nevils Watts were found guilty of second degree murder after trial, by jury, in the Twenty-Second Judicial District Court for the Parish of Washington, State of Louisiana. On April 24, 1995, McClendon

was sentenced to life in prison at hard labor without benefit of parole, probation, or suspension.  On April 16, 2003, McClendon filed with this Court an application for federal habeas corpus relief which was denied as untimely.  McClendon v. Cain, No. 2003-1119 (E.D. La. 7/28/04).[1]

On March 22, 2010, McClendon filed a second post-conviction application with the state district court, explaining that his application was not time-barred because his new claims were "based upon a new ruling of law and new discovered evidence."[2]  The "new law" cited by McClendon was Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009).  The "new information" was described by McClendon as information attained "from Pierce & Associates concerning [the] State's key witness Dorothy Jo Mallard, and the initial [t]aped Statement from Roderick Johnson," another state witness.[3]  On May 17, 2010, the state district court, acknowledging and implicitly accepting McClendon's assertion that his claims were not time-barred, denied relief on the merits, providing: "The Court has reviewed the petition and the record of this matter, and finds that petitioner has failed to prove grounds which would entitle him to

---

[1] A detailed recitation of the state court proceedings which preceded McClendon's first habeas petition are set forth in this Court's report and recommendation.  McClendon, No. 2003-1119 (E.D. La. 01/12/04).

[2] St. Rec. Vol. 7 of 8, Memorandum in Support of Application for Post Conviction Relief, p. 2.

[3] Id.

2

relief."[4]  On September 2, 2010, the Louisiana First Circuit Court of Appeal denied McClendon relief without opinion.[5] Approximately a year later, on September 30, 2011, the Louisiana Supreme Court likewise denied relief without opinion.[6]

On January 9, 2012, McClendon filed a motion seeking authorization from the United States Fifth Circuit Court of Appeal to file a successive habeas petition.  The basis for McClendon's claim that he should be allowed to file a successive petition was that his successive claims were based upon recent law, Melendez-Diaz, and newly discovered evidence.[7]  The Fifth Circuit granted McClendon's motion, stating: "We conclude that McClendon has made a prima facie showing sufficient to warrant a fuller exploration by the district court.  However, we note that <u>the district court shall dismiss any claims that do not satisfy the successive standard</u>. See §2244(b)(4)."[8]

II.  <u>FEDERAL HABEAS PETITION</u>

In his successive habeas petition, McClendon sets forth the

---

[4]St. Rec. Vol. 7 of 8, <u>State v. McClendon</u>, No. 1993-CR1-54452 (22nd JDC 05/17/10).

[5]St. Rec. Vol. 8 of 8, <u>State v. McClendon</u>, No. 2010-KW-1042 (La. App. 1st Cir. 09/02/10).

[6]St. Rec. Vol. 8 of 8, No. 2010-KH-2194, <u>State ex rel. McClendon v. State</u>, 71 So.3d 275 (2010).

[7]Rec. Doc. No. 3-1, p. 122.

[8]Rec. Doc. No. 3-1, p. 123, <u>In Re: Patrick McClendon</u> No. 2011-31029 (5th Cir. 2012) (citation omitted) (emphasis added).

3

following claims: (1) He was denied his right of confrontation. (2) The State failed to reveal that witnesses, Dorothy Jo Mallard and Roderick Johnson, were offered plea deals in exchange for their testimony. (3) The State suppressed material evidence, the December 14, 1992 taped statement of Roderick Johnson.

III.  STANDARD OF REVIEW

Generally, claims presented in a second or successive habeas corpus petition that were not presented in a prior petition are subject to dismissal.  28 U.S.C. §2244(b)(2).  There are two narrow exceptions to this rule.  A successive claim is not subject to dismissal if "the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. §2244(b)(2)(A).  Additionally, a successive claim may proceed if "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."  28 U.S.C. §2244(b)(2)(B)(i) and (ii).

IV.  ANALYSIS

   A.  DENIAL OF RIGHT OF CONFRONTATION

McClendon claims that he was denied the right to confront the

physician, Dr. William Newman, who performed the victim's autopsy and prepared the autopsy report. McClendon argues that his successive claim falls under the exception described in §2244(b)(2)(A) because it is "based upon a new ruling of law" expounded by the Supreme Court in Melendez-Diaz v. Massachusetts, 557 US 305 (2009).[9]

A review of the trial transcript reflects that Dr. Newman did not testify at McClendon's trial. Instead, Dr. Roger Casama, the coroner for Washington Parish, offered testimony regarding the victim's wounds based upon his review of Dr. Newman's autopsy report.[10]

In Melendez-Diaz v. Massachusetts, supra, the Supreme Court held that the admission of expert reports regarding physical evidence were testimonial by nature and, as such, the State's failure to produce the expert witness for cross-examination constituted a violation of the defendant's right of confrontation. See also Bullcoming v. New Mexico, __ U.S. ___, 131 S.Ct. 2705 (2011) (the fact that an analyst who neither participated in nor observed the testing testified regarding the test results rather than the analyst who actually performed the testing, constituted a violation of the

---

[9] Rec. Doc. No. 3-1, p. 12.

[10] St. Rec. Vol. 4 of 8, p. 647.

5

petitioner's right of confrontation).

The law enunciated in Melendez-Diaz and Bullcoming, though arguably a new rule of constitutional law, has not been "made retroactive to cases on collateral review by the Supreme Court." See Spencer v. Cain, 2012 WL 6554086, at *4 (E.D. La. 9/4/12), adopted, 2012 WL 6554143 (E.D. La. 12/14/12) ("Melendez-Diaz is not retroactively applicable to cases on collateral review"). Arita v. Cain, 2011 WL 473866, at *2 (E.D. La. 8/25/11), adopted, 2011 WL 4738658 (E.D. La. 10/6/11) ("Melendez-Diaz is not retroactively applicable to cases on collateral review"); Acevedo v. Lemke, 2012 WL 360276, at 13 (S.D.N.Y. 2/3/12) ("overwhelming weight of authority holds that Melendez-Diaz is not retroactive to collateral attacks"); Gilchrist v. United States, 2012 WL 4520469, at *10 (D. Md. 9/27/12) ("assuming, without deciding, that the rule in Melendez-Diaz is a 'newly recognized' constitutional right, the rule does not apply retroactively"); Williams v Bradt, 2012 WL 2914892, at *10 n.14 (E.D.N.Y. 7/17/12) ("rule articulated in Melendez-Diaz and Bullcoming does not apply retroactively to cases on collateral review"); McMonagle v. Meyer, 2012 WL 273165, at *5 (E.D. Cal. 1/30/12) ("Bullcoming was not made retroactively applicable to cases on collateral review"); United States v. Johnson, 2012 WL6652959, at *2 (E.D. Mich. 12/21/12) ("the Supreme Court has not made Bullcoming retroactive to cases on collateral review").

Based upon the above, the Court finds that McClendon's claim that he was denied his right of confrontation does not fall under the exception enunciated under §2244(b)(2)(A). As such, his claim should be dismissed as successive pursuant to §2244(b)(2).

B.  FAILURE TO DISCLOSE PLEA DEALS

McClendon claims that the State failed to disclose that it gave witnesses Dorothy Jo Mallard and Roderick Johnson "deals" in exchange for their testimony.[11]  McClendon states that charges against Mallard were dropped in exchange for her testimony and that Johnson received probation in exchange for his testimony.[12] McClendon argues that his claims fall under the exception described in §2244(b)(2)(B)(i) and (ii) because they are based upon "newly discovered" evidence.[13]

The new evidence to which McClendon refers is information received from investigator Jackson A. Peirce.[14]  In a March 25, 2009 letter,[15] Pierce informed, in pertinent part:

---

[11]Rec. Doc. No. 3-1, pp. 16-17.

[12]Id. at p. 17.

[13]Id. at pp. 15-16.

[14]Rec. Doc. No. 3-1, pp. 125-126.

[15]The date of the letter cannot be discerned from the copy provided to the Court.  However, McClendon states that he received the information contained in the letter on March 25, 2009.  Rec. Doc. No. 3-1, p. 17.  Further, the State represents that the letter is dated March 25, 2009.  Rec. Doc. No. 12, p. 4.

> Please be advised that I have followed up with the Washington Parish authorities regarding the date the charges were dropped against Dorothy Mallard. Because of the broad powers of the district attorney they do not need to formally dismiss or drop any charges when a person has not been indicted or a bill of information has not been filed against them. In other words, they just chose to do nothing. The fact that she was arrested has no[] consequence with the district attorney's office. She simply was just not prosecuted and <u>we [don't] know why</u>.[16]

In a memorandum dated January 26, 2010, Pierce informed:

> Per your request I have obtained the following information on Rodderick [sic] Johnson.
> He was charged in 1994 with burglary of an inhabited dwelling. He received three years and [was] put on probation and the probation was revoked.
> In 1994 he was also convicted of felony theft and was sentenced to two years.
> In 1995 he was convicted of theft over $500 and received another two year sentence.
> I checked the records back to 1989. When he gave his statement in 1992 I could not find any pending charges.[17]

To fall within the narrow exception afforded under §2244(b)(2)(B)(i) and (ii), not only would the "new facts" have to support McClendon's claim that the prosecution made "deals" with Mallard and Johnson in exchange for their testimony, but also that if the factfinder had known of these deals, a reasonable factfinder would not have found McClendon guilty of second degree murder. McClendon has failed to get over the first hurdle. The information attained from Pierce clearly does <u>not</u> show that any deals were made

---

[16]Rec. Doc. No. 3-1, p. 125 (emphasis added).

[17]<u>Id</u>. at p. 126.

with either Mallard or Johnson.  In fact, in his letter regarding Mallard, Pierce specifically states that "we [don't] know why" the charges were dropped.  Further, a review of the trial transcript reflects that jurors were made aware that Mallard had been arrested in connection with the incident and that she was not standing trial but instead was offering testimony in support of the State's case against McClendon.

> Q.  I am going to show you what I'm going to mark as D-2 for purposes of identification and ask you if you have ever seen that document before and if you can identify it, please?
> A.  Yes.
> Q.  Is this your signature there? (Indicting.)
> A.  Yes.
> Q.  What is that document?
> A.  It's a bond.
> Q.  What is the bond for?
> A.  First degree murder.
> Q.  What else?
> A.  And armed robbery.
> Q.  And armed robbery.  <u>So you were arrested for these crimes, weren't you</u>?
> A.  <u>Yes</u>.[18]

Based upon the above, the Court finds that McClendon's claim that the State failed to disclose "deals" it made with witnesses Mallard and Johnson in exchange for their testimony, does not fall under the exception enunciated in §2244(b)(2)(B)(i) and (ii).  As such, his claim should be dismissed pursuant to §2244(b)(2).

C.  <u>SUPPRESSION OF EVIDENCE</u>

McClendon claims that the State withheld material evidence in

---

[18]St. Rec. Vol. 3 of 8, pp. 567-568.

violation of Brady v. Maryland.[19] The allegedly suppressed material evidence is a December 14, 1992 statement which Roderick Johnson provided to police.

In his 1992 statement, Johnson informed that he saw a woman shoot the victim.[20]

> **JOHNSON**: ... I saw Mike [the victim] jump[] out of the car, they must of shot him in the car in the leg cause [sic] it was, when he ran he did this here, then the woman got out of the car and shot him.
> **[DETECTIVE RANDY] HODGES**: You saw the woman shoot him?
> **JOHNSON**: I saw the woman, I saw the back, if I had the picture, I probably wouldn't of picked her out, but I saw the back of her....
> **JOHNSON**: ... I heard a shot when he [the victim]... got out of the car and that woman got out of the car and shot.
> **HODGES**: But you didn't see a gun, you just saw...
> **JOHNSON**: I didn't see a gun, I just seen a woman get out of the car and I heard a gun.
> **HODGES**: From where she was at, do you think she would ... had to of been the one that did the shooting?
> **JOHNSON**: Yes.[21]

At trial Johnson did not identify any shooter. Johnson testified: "I saw a young lady step out of the passenger side of the car and I heard another bang and I saw Michael Ray [the victim] fall."[22]

---

[19] Under Brady v. Maryland, 373 U.S. 83 (1963), the prosecution cannot withhold exculpatory or impeachment evidence which is material to guilt or punishment.

[20] Mallard was the only woman in the car at the time of the shooting. See State v. McClendon, No. 1996-KA-0581, p.2; St. Rec. Vol. 6 of 8.

[21] Rec. Doc. No. 3-1, pp. 127, 130-131.

[22] St. Rec. Vol. 3 of 8, p. 596.

10

One factor which McClendon has the burden of proving, in order to fall under the narrow exception afforded under §2244(b)(2)(B)(i) and (ii), is that the factual predicate, Johnson's statement, could not have been discovered earlier through the exercise of due diligence.[23]  McClendon has failed to satisfy his burden in this regard.  Pursuant to its January 17, 1994 "Amended Answer to Discovery Motion," the State submitted the "statement of Roderick Earl Johnson dated December 14, 1992 at 11:55 P.M. as possible Brady information."[24]  McClendon provides no evidence, such as an affidavit from defense counsel, in support of his bald accusation that the defense did not receive the December 14, 1992 statement.  See Harris v. United States, 9 F.Supp.2d 246, 275 (S.D.N.Y.1998) (prosecution does not have the burden of showing that evidence was not withheld; it is petitioner's burden to prove that the favorable evidence was withheld.) aff'd, 216 F.3d 1072 (2nd Cir. 2000); see also United States v. Avellino, 136 F.3d 249, 261 (2nd Cir. 1998); Cruz v. Artuz, 97-2508, 2002 WL 1359386, at *14 (E.D.N.Y. 6/24/02).

## RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Patrick McClendon

---

[23] Though unclear, McClendon seems to suggest that he did not learn of the statement until Pierce's January 26, 2010 memorandum in which Pierce makes a passing reference to the statement.  See Rec. Doc. No. 3-1, p. 17; Rec. Doc. No. 13, p. 2.

[24] St. Rec. Vol. 1 of 8, p. 101.

be dismissed as successive.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. §636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).[25]

New Orleans, Louisiana, this  20th  day of    May    , 2013.

　　　　　　　　　　　　　　　　　　　Alma L. Chasez
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[25] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.