UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICK MCCLENDON                          CIVIL ACTION

VERSUS                                     NUMBER: 12-0307

N. BURL CAIN, WARDEN                       SECTION: "N"(5)


## REPORT AND RECOMMENDATION

Pursuant to an Order of Reference from the presiding District Judge (rec. doc. 29), presently before the Court is petitioner's "MOTION TO SET ASIDE JUDGMENT DUE TO FRAUD UPON THE COURT UNDER F.R.C.P. RULE 60(B)(3) and/or RULE 60(B)(6) and/or U.S.C.A. 18 §1001 AS WELL AS CONSPIRACY UNDER U.S.C.A. 18 §241, and/or §242, and/or §371." (Rec. doc. 28).

The above-captioned 28 U.S.C. §2254 proceeding had its genesis with Petitioner's filing of a motion for leave to file a successive *habeas* application in the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. §2244(b)(3)(A), his prior *habeas* proceeding having been dismissed by this Court as untimely under §2244(d). *McClendon v. Cain*, No. 03-CV-1119. The basis of Petitioner's motion was, *inter alia*, a claim of newly discovered evidence which had been obtained in January of 2010 from Pierce & Associates, a private

investigative firm.  On January 9, 2012, the Fifth Circuit granted McClendon's motion, finding that he "…ha[d] made a prima facie showing sufficient to warrant a fuller exploration by the district court."  In re *McClendon*, No. 11-31023 (5th Cir. Jan. 9, 2012) (unpublished op.); (Rec. doc. 3-1, pp. 122-23).  In doing so, however, the Fifth Circuit "…note[d] that the district court shall dismiss any claims that do not satisfy the successive standard.  *See* §2244(b)(4)."  (Rec. doc. 3-1 at p. 123).  After due briefing by the State, McClendon's petition was dismissed as successive.  (Rec. docs. 17, 16, 14).  McClendon's subsequent requests for a Certificate of Appealability ("COA") were denied both by this Court (rec. doc. 24) and the Fifth Circuit.  *McClendon v. Cain*, No. 13-30677 (5th Cir. Dec. 6, 2013) (unpublished order); (Rec. doc. 26).

Approximately two and one-half months after the Fifth Circuit had denied his request for a COA, McClendon filed the present motion under Rule 60(b)(3) and (6), citing as fraud upon the court the dismissal of this case by this Court and the Fifth Circuit after he had initially been granted leave to file this successive habeas proceeding by the latter appellate tribunal.

As a reading of §2244(b)(4) makes clear, a district court is empowered to dismiss a successive *habeas* petition that otherwise fails to satisfy the requirements of the statute notwithstanding the earlier grant of leave to file the successive petition by a court of appeals.  That is precisely what occurred in this case after Petitioner's claims, including his claim of newly discovered evidence, were duly considered.  There is no showing of bribery of a judge or a member of the jury or the fabrication of evidence by a party in which an attorney is implicated, the egregious conduct for which Rule 60(b)(3) was meant to

2

redress. *See Jackson v. Thaler*, 348 Fed. Appx. 29, 34 (5th Cir. 2009). To the extent that McClendon was aggrieved by the dismissal of this *habeas* proceeding and the subsequent denial of a COA by the Fifth Circuit, his recourse was to seek a writ of certiorari from the United States Supreme Court, not to file an unsupported motion accusing the Court and the Fifth Circuit of fraud. Finally, to the extent that Petitioner seeks to proceed under 18 U.S.C. §§1001, 241, 242, and/or 371, such is clearly unavailing as a private party cannot initiate a criminal prosecution in his own name in a civil proceeding. *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 634-35 (N.D. Tex.), *appeal dismissed*, 258 Fed. Appx. 702 (5th Cir. 2007), *cert. denied*, 553 U.S. 1093, 128 S. Ct. 2905 (2008) (citing *United States v. Nixon*, 418 U.S. 683, 693, 94 S. Ct. 3090, 3100 (1974)); *Hassell v. United States*, 203 F.R.D. 241, 244 (N.D. Tex. 1999). For all of these reasons, it will be recommended that Petitioner's motion be denied.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that petitioner's Motion to Set Aside Judgment be denied.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 14th day of _____March_____, 2014.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE